UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allstate Insurance Company,

    Plaintiff,

v.   Case No. 13-13112

Laurence Byron Saph, Jon Charles   Honorable Sean F. Cox
Maston, Jr., Nicholas Edward Maston,
and Jimmy John's GPW, Inc.,

    Defendants.
_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is an insurance coverage case. Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate") has filed a Complaint for Declaratory Relief, seeking an order from this Court declaring that Allstate is not required to indemnify Defendants Nicholas Edward Maston ("Nicholas Maston") or Jon Charles Maston, Jr. ("Jon Maston") (collectively, "the Maston Defendants") for any judgment they face as a result of a state court lawsuit arising out of a motor vehicle accident. Defendant Laurence Saph ("Saph") alleges, in the state court action, that Defendant Nicholas rear-ended his vehicle while Nicholas was making a delivery in the scope of his employment by Defendant Jimmy John's GPW, Inc. ("Jimmy John's").

The Clerk of the Court has entered Default as to Defendants Nicholas Maston and Jon Maston. Defendant Jimmy John's filed an Answer to the Plaintiff's Complaint (Doc. #10) but failed to timely file a response to Plaintiff's Motion for Summary Judgment. On March 10, 2014, this Court ordered Defendant Jimmy John's to file a response, no later than March 17, 2014, if it opposes Allstate's motion. (Doc. #25). To date, Jimmy John's has not filed a response to Plaintiff's motion.

Defendant Saph has filed a concurrence with Plaintiff's motion. (Doc. #24).

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(2), U.S.D.C., E.D. MI. Therefore, the Court orders that the motion will be decided upon the briefs. For the reasons set forth below, this Court shall GRANT in part and DENY in part Plaintiff's motion.

## BACKGROUND

On November 22, 2011, in Macomb County, Michigan, Defendant Nicholas Maston was involved in a motor vehicle accident with Defendant Saph. (State of Michigan Traffic Crash Report, attached to Pl. Mo. at Ex. F). At the time of the accident, Defendant Nicholas Maston was in the process of making a delivery within the scope of his employment as a Delivery Driver for Defendant Jimmy John's. (Aff. Of Nicholas Maston, attached to Pl. Mo. at Ex. C, ¶ 3). Nicholas Maston was driving his family's 1993 Eagle Vision that is insured by Allstate Insurance Company. (Allstate-Maston Insurance Policy, Pl. Mo. at A p. 8). The relevant insurance policy contains the following clause:

> **Exclusions—What is not Covered**
>
> Allstate will not pay for any damages an insured person is legally obligated to pay because of:
>
> 1. Bodily injury or property damage arising out of the use of your insured auto while used to carry persons or property for a charge, or any auto you are driving while available for hire by the public. This exclusion does not apply to:
>
>    a) shared-expense car pools,
>    b) the occasional rental of your insured motor home or travel trailer to others for personal use if a rental premium is shown on the Policy Declarations for this coverage.

(Pl. Mo. at Ex. A, p. 7).

Saph claims that he was injured as a result of the collision. (Saph's State Court Second Amended Complaint, attached to Pl. Mo. at Ex. B, ¶ 9). Saph filed suit in Macomb County Circuit Court against 1) Nicholas Maston, the driver of the vehicle, 2) Jon Maston, the Allstate insurance policy owner, 3) Patricia Ann Maston, the Allstate insurance policy co-owner, and 4) Jimmy John's. (Pl. Mo. at Ex. B).

Allstate then filed its Complaint for Declaratory Relief (Doc. #1) with this Court on July 19, 2013. Plaintiff Allstate seeks this Court's order declaring that, based on the business use exclusion, the insurance policy does not provide coverage for, and does not require Allstate to indemnify the Mastons for, liability asserted against them in the underlying state court case. (Compl. at 6).

Saph and Jimmy John's answered the Complaint. (Docs. #16 and #10). Neither of the Maston Defendants have appeared before the Court. The Clerk of the Court filed an Entry of Default against the Maston Defendants on October 30, 2013. (Doc. #20 and #21).

Plaintiff filed its Motion for Summary Judgment shortly thereafter. (Doc. #22). Defendant Saph concurs in the relief Plaintiff seeks. (Doc. #24). On March 10, 2014, this Court ordered Defendant Jimmy John's to file a response no later than March 17, 2014 if it opposes Allstate's motion. To date, Jimmy John's has not filed a response to Plaintiff's motion. The Maston Defendants have failed to respond or appear in this matter whatsoever.

## STANDARD OF DECISION

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1984), *quoting* FED. R. CIV. P.

56(c).

"The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case." *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). "The moving party may meet its burden by showing that the nonmoving party lacks evidence to support an essential element of its case." *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993). The plaintiff must come forth with more than a "mere scintilla of evidence" in support of his or her position in order to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "The court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

**1)  This Court Shall Deny Plaintiff's Motion For Summary Judgment Against The Maston Defendants Because Plaintiff Has Not Filed A Motion For Default Judgment As To The Maston Defendants.**

Defendants Jon and Nicholas Maston have "failed to plead or otherwise defend" in this action. Fed. R. Civ. P. 55(a). As such, the Clerk of the Court entered default against Jon Maston and Nicholas Maston on October 30, 2013. (Doc. #20 and Doc. #21).

Federal Rule of Civil Procedure 55(a) sets forth the process for obtaining judgment against a defaulted party. The rule states, in pertinent part:

> (b)  Entering a Default Judgment
>
> (1) By the Clerk: If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due— must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> (2) By the Court. In all other cases, the party *must* apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing . . . .

Fed. R. Civ. P. 55(b) (emphasis added). Thus, the rule clearly states that once the Clerk of Court has defaulted a party, the plaintiff must request judgment from the Clerk of Court or file a Motion for Default Judgment with the Court, whichever is appropriate under the rule.

Here, Plaintiff has done neither. The Court finds that, if Plaintiff believes it is entitled to judgment against the defaulted Maston Defendants, the proper course of action is to file a Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55. Declaratory relief may be granted through a default judgment. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 850 (9th Cir. 1992). Where, as here, Plaintiff "seeks declaratory relief rather than monetary damages, default judgment is appropriate if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief." *Nautilus Ins. Co. v. Remac America, Inc.*, 956 F. Supp. 2d 674, 679 (D. Md. July 9, 2013).

Therefore, the Court shall DENY Plaintiff's Motion for Summary Judgment as to Defendant Jon Maston Charles Maston, Jr. and Defendant Nicholas Edward Maston. If Plaintiff wishes to obtain judgment against these two defaulted Defendants, Plaintiff must file a Motion for Default Judgment in compliance with Federal Rule of Civil Procedure 55.

**2)** **The Court Shall Grant Plaintiff's Motion For Summary Judgment As To Defendant Jimmy John's and Defendant Lawrence Saph.**

Plaintiff claims that there is no genuine issue of material fact as to whether Allstate has a duty to indemnify the Maston Defendants for liability asserted against them in the underlying

5

automobile accident case. Plaintiff asserts that the business use exclusion relieves Allstate from any such duty.

An insurance policy is a contract—an agreement between two parties. *McGuirk Sand & Gravel, Inc. v. Meridian Mut. Ins. Co.*, 220 Mich. App. 347, 353 (Mich. App. 1996), *quoting Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566-67 (1992). "The court must look at the contract as a whole and give meaning to all its terms." *Id.* A clause in an insurance contract is valid if it is clear, unambiguous, and not against public policy. *Id.*

Typically, exclusions in an insurance policy should be construed strictly in favor of the insured. *Id.*, *citing Union Mutual Fire Ins. Co. v. Hatch*, 385 F. Supp. 59, 63-64 (D.N.H. 1993). However, "[c]lear and specific exclusions" must be given effect so as to avoid holding an insurance company liable for a risk it did not assume. *McGuire Sand*, 220 Mich. App. at 353.

Here, the Allstate-Maston insurance contract contained a clear and specific "business use" exclusion clause. This clause excludes from coverage any liability incurred while the insured was using the covered vehicle "to carry . . . property for a charge." (Pl. Mo. at Ex. A, p. 7). It is undisputed that this clause is unambiguous.

Further, it is undisputed that, at the time Nicholas Maston rear-ended Saph, he was using the covered vehicle to carry property, namely Jimmy John's sandwiches, for a delivery charge. This fact clearly triggers the business use exception, and no other party has given this Court a reason to conclude otherwise.

Another court in this District has considered Allstate's business use exclusion (an identical clause as the one at issue here) and held that Allstate was not required to indemnify an insured for damages resulting from a collision while the covered vehicle was being used to deliver pizzas.

6

*Allstate Ins. Co. v. Raines*, 2013 WL 827699 (E.D. Mich. 2013) (Borman, J.). The *Raines* court held that

> the purpose for [defendant's] use of the car at the time of the accident was to return it to Defendant Hungry Howie's store so that she could collect additional pizzas for additional deliveries. The accident therefore occurred while [defendant] was using the car to carry property for a charge, and the business use exception is applicable.

*Id.* at *5, *citing Hunt v. Drielick*, 298 Mich. App. 548 (Mich. Ct. App. 2012).

*Raines* is directly on point with the present case and, thus, highly persuasive. Based on the unambiguous contract clause and the applicable case law, the Court finds that Plaintiff has demonstrated that no genuine issue of material fact as to its duties under the insurance contract. No other party in this case has argued otherwise. Thus, this Court shall GRANT Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 as to Defendant Jimmy John's GPW, Inc. and Defendant Lawrence Byron Saph.

## CONCLUSION & ORDER

For the reasons set forth above, Plaintiff's Motion for Summary Judgment Pursuant to Rule 56 (Doc. #22) as to Defendant Jimmy John's GPW, Inc. and Defendant Lawrence Byron Saph is GRANTED, but Plaintiff's Motion as to Defendant Jon Charles Maston Jr. and Nicholas Edward Maston is DENIED.

**IT IS SO ORDERED.**

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated: April 17, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on

April 17, 2014, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager