UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Allstate Insurance Company,

      Plaintiff,

v.                                                                                  Case No. 13-13112

Laurence Byron Saph, Jon Charles                    Honorable Sean F. Cox
Maston, Jr., Nicholas Edward Maston,
and Jimmy John's GPW, Inc.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT (Doc. #32)**

This is an insurance coverage case. Plaintiff Allstate Insurance Company ("Plaintiff" or

"Allstate") has filed a Complaint for Declaratory Relief, seeking an order from this Court declaring

that Allstate is not required to indemnify Defendants Nicholas Edward Maston ("Nicholas Maston")

or Jon Charles Maston, Jr. ("Jon Maston") (collectively, "the Maston Defendants") for any judgment

they face as a result of a Michigan state court lawsuit arising out of a motor vehicle accident.

Defendant Laurence Saph ("Saph") alleges, in the state court action, that Defendant Nicholas

Maston rear-ended his vehicle while Nicholas Maston was making a delivery in the scope of his

employment by Defendant Jimmy John's GPW, Inc. ("Jimmy John's"). The Clerk of the Court has

entered Default as to Defendants Nicholas Maston and Jon Maston. (Doc. #20 and Doc. #21).

In an Opinion and Order issued on April 17, 2014 (Doc. #27), this Court granted in part and

denied in part Plaintiff's Motion for Summary Judgment. This Court granted summary judgment

as to Defendants Jimmy John's and Saph because they had appeared in this action and did not

contest the motion. The Court denied Plaintiff's motion as to the defaulted Maston Defendants,

however, acknowledging that default judgment as opposed to summary judgment is more appropriate when a defendant had failed to appear or defend in a case.

This matter is now before the Court on Plaintiff's unopposed Motion for Default Judgment as to the Maston Defendants. (Doc. #32). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(2), U.S.D.C., E.D. MI. Therefore, the Court orders that the motion will be decided upon the briefs. For the reasons set forth below, this Court shall GRANT Plaintiff's Motion for Default Judgment.

## BACKGROUND

It is well settled that a defendant who defaults "thereby admits all 'well pleaded' factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011); *see also Ford Motor Co. V. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (Cleland, J.), *citing Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995). Due to the fact that the Clerk of the Court entered default against the Maston Defendants, this Court should accept all well-pleaded factual allegations in Plaintiff's Complaint as admitted.

On November 22, 2011, Defendant Nicholas Maston rear-ended Defendant Laurence Saph in Macomb County, Michigan, while Nicholas Maston was making a delivery within his scope of employment for Defendant Jimmy John's GPW, Inc. (Comp. ¶ 9 ). At the time of the accident, Nicholas Maston was driving a family vehicle insured by Allstate Insurance Company. (Allstate-Maston Insurance Policy, Pl. Mo. at A p. 8). Within the Maston's insurance policy was an exclusion clause stating:

**Exclusions—What is not Covered**

Allstate will not pay for any damages an insured person is legally obligated to pay

because of:

1.      Bodily injury or property damage arising out of the use of your insured auto while used to carry persons or property for a charge, or any auto you are driving while available for hire by the public.  This exclusion does not apply to:

      a)      shared-expense car pools,
      b)      The occasion rental of your insured motor home or travel trailer to others for personal use if a rental premium is shown on the Policy Declarations for this coverage.

(Pl. Mo., Doc. #32, at Ex. A, p. 5).

Defendant Saph filed suit in Macomb County Circuit Court against 1) Nicholas Maston, the driver of the vehicle, 2) Jon Maston, the Allstate insurance policy owner, 3) Patricia Ann Maston, the Allstate insurance policy co-owner, and 4) Jimmy John's.

On July 19, 2013, Plaintiff filed its Complaint for Declaratory Relief with this Court.  (Doc. #1).  Plaintiff is seeking an order from this Court declaring that, due to the business use exclusion in Defendant Jon Maston's insurance policy, Allstate is not required to indemnify the Mastons for any liability in Defendant Saph's state court case.  (Comp. at 6).

The Maston Defendants have failed to appear or defend in this action whatsoever.  On October 30, 2013, the Clerk of the Court filed an Entry of Default against the Maston Defendants. (Doc. #20 and #21).

On January 24, 2014, Plaintiff filed a Motion for Summary Judgment.  (Doc. #22).  On April 17, 2014, this Court granted summary judgment as to Defendants Jimmy John's and Saph because they had appeared in this action and did not contest summary judgment.  (Doc. #27).  The Court denied Plaintiff's motion as to the defaulted Maston Defendants, however, acknowledging that default judgment as opposed to summary judgment was more appropriate when a defendant had failed to appear or defend in a case.  (Doc. #27 at 4-5).  Shortly thereafter, Plaintiff filed the present

Motion for Default Judgment as to the Maston Defendants.  (Doc. #32).

## ANALYSIS

Under Federal Rule of Civil Procedure 55(a), the Court may enter default judgment against a party is proper if that party has failed to plead or otherwise defend the claim.  Fed. R. Civ. P. 55(a). Declaratory relief may be granted through a default judgment. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 850 (9th Cir. 1992).  Where, as here, Plaintiff "seeks declaratory relief rather than monetary damages, default judgment is appropriate if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief." *Nautilus Ins. Co. v. Remac America, Inc.*, 956 F. Supp. 2d 674, 679 (D. Md. July 9, 2013).

Plaintiff's allegations in its Complaint, which are deemed admitted by the Maston Defendants, establish that Plaintiff is entitled to the declaratory relief it seeks.  An insurance policy is a contract—an agreement between two parties.  *McGuirk Sand & Gravel, Inc. v. Meridian Mut. Ins. Co.*, 220 Mich. App. 347, 353 (Mich. App. 1996), *quoting Auto-Owners Ins. Co. v. Churchman*, 440 Mich. 560, 566-67 (1992).  "The court must look at the contract as a whole and give meaning to all its terms." *Id.* A clause in an insurance contract is valid if it is clear, unambiguous, and not against public policy.  *Id.*

Typically, exclusions in an insurance policy should be construed strictly in favor of the insured.  *Id.*, *citing Union Mutual Fire Ins. Co. v. Hatch*, 385 F. Supp. 59, 63-64 (D.N.H. 1993). However, "[c]lear and specific exclusions" must be given effect so as to avoid holding an insurance company liable for a risk it did not assume.  *McGuire Sand*, 220 Mich. App. at 353.

Here, the Allstate-Maston insurance contract contained a clear and specific "business use" exclusion clause.  This clause excludes from coverage any liability incurred while the insured was

using the covered vehicle "to carry . . . property for a charge." (Pl. Mo. at Ex. A, p. 7). It is

undisputed that this clause is unambiguous.

Further, it is undisputed that, at the time Nicholas Maston rear-ended Saph, he was using the

covered vehicle to carry property, namely Jimmy John's sandwiches, for a delivery charge. This

fact clearly triggers the business use exception.

Another court in this District has considered Allstate's business use exclusion (an identical

clause as the one at issue here) and held that Allstate was not required to indemnify an insured for

damages resulting from a collision while a covered vehicle was being used to deliver pizzas.

*Allstate Ins. Co. v. Raines*, 2013 WL 827699 (E.D. Mich. 2013) (Borman, J.). The *Raines* court

explained that

> the purpose for [defendant's] use of the car at the time of the accident was to return
> it to Defendant Hungry Howie's store so that she could collect additional pizzas for
> additional deliveries. The accident therefore occurred while [defendant] was using
> the car to carry property for a charge, and the business use exception is applicable.

*Id.* at *5, *citing Hunt v. Drielick*, 298 Mich. App. 548 (Mich. Ct. App. 2012).

*Raines* is directly on point with the present case and, thus, highly persuasive. Based on the

unambiguous contract clause, the undisputed facts alleged in the Complaint, and the applicable case

law, the Court finds that Plaintiff has demonstrated that it is entitled to default judgment against

Defendants Nicholas Edward Maston and Jon Charles Maston, Jr. Therefore, the Court shall

GRANT Plaintiff's Motion for Default Judgment (Doc. #32).

## CONCLUSION & ORDER

For the reasons set forth above, Plaintiff's Motion for Default Judgment Pursuant to Federal

Rule of Civil Procedure 55 (Doc. #32) as to Defendants Nicholas Edward Maston and Jon Charles

Maston, Jr. is GRANTED. Plaintiff is to submit a proposed Judgment within seven (7) days of the

issuance of this Opinion and Order.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 11, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 11, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager